UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUFG UNION BANK, N.A., a national association,<br><br>Plaintiff,<br>v.<br><br>AARON TYLER, an individual, *et al.*.,<br><br>Defendants. | Case No. C17-1766RSM<br><br>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |

THIS MATTER comes before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. Dkt. #5. Plaintiff alleges that a group of its former employees resigned *en masse* after planning for several months to take trade secrets, documents and confidential information that they are now utilizing to take business from it and unfairly compete with it. *Id.* Rather than file an opposition to the motion, Defendant U.S. Bank requests that the Court set a briefing schedule for the instant motion, and set a hearing on December 12, 2017, or, in the alternative, on December 7th or 8th. Dkt. #9. None of the individual Defendants have appeared in this action.

Having considered the Complaint, the Motion for Temporary Restraining Order, the Declaration of Plaintiff's Managing Director of Mortgage Analysis Paul Appleton, and the remainder of the record, the Court hereby finds and ORDERS as follows:

TRO AND ORDER TO SHOW CAUSE - 1

1. A federal court may issue a TRO "with or without written or oral notice to the adverse party" only if "specific facts in the affidavit . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the moving party "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rules W.D. Wash. LCR 65(b). Here, it appears that Plaintiff has provided Defendants with notice of its Complaint and motion. Dkt. #5 at 2-3. In addition, Defendant U.S. Bank has filed a request for briefing schedule, and denies that its employees are taking business from Plaintiff.

2. The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

*Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The speculative risk of a possible injury is not enough; the threatened harm must be imminent. *Caribbean Marine Services Co., Inc.*

*v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ. Proc. 65(b)(1)(A). The standards for issuing a TRO are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995).

3. Despite Defendant U.S. Bank's conclusory assertions that its new employees are not utilizing confidential information to take business from Plaintiff, the Court finds that Plaintiff has sufficiently demonstrated to the Court that it is entitled to a TRO restraining Defendants, and anyone acting in concert with them, from: (a) calling on, soliciting, or doing business with any person with whom any Defendant had contact with while still employed by Union Bank; (b) calling on, soliciting, or doing business with any individuals who had received financing pre-approval from Union Bank or were in the "pipeline" with Union Bank prior to November 6, 2017; and (c) continuing to possess, use, or disseminate Union Bank's trade secrets, including any documents belonging to Union Bank, containing Union Bank's trade secrets, or containing confidential information regarding Union Bank's customers. Further, Defendants SHALL return all such documents and information to Union Bank.

4. Pursuant to Federal Rule of Civil Procedure 65(b)(1) a temporary restraining order may issue without written or oral notice to the adverse party or his attorney if immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and if the movant's attorney certifies efforts made to give notice and reasons why it should not be required. Plaintiff has given notice to opposing counsel, and Defendant U.S. Bank acknowledges that it has

TRO AND ORDER TO SHOW CAUSE - 3

been served. Dkt. #9 at 5. Further, Plaintiff has sufficiently demonstrated that if a TRO is not immediately issued, it will suffer substantial and irreparable injury due to the use of its confidential information to unfairly compete for its business. Dkts. #5 and #6.

5. Under the circumstances of this case, it is appropriate to issue a TRO without a hearing to maintain the status quo as it existed prior to November 6, 2017.

6. The Court finds that Plaintiff, in its pleadings and accompanying Declaration, has sufficiently demonstrated a likelihood of success on the merits to permit this TRO to issue.

7. As Defendants are unlikely to suffer substantial harm if they are immediately restrained from using Plaintiff's trade secrets, documents and confidential information until a hearing can be held, the Court finds that the balance of equities in this matter favors Plaintiff and entitles it to immediate injunctive relief to preserve the status quo pending hearing on the motion for preliminary injunction.

8. This Order, and its conditions as described in Paragraph 3, *supra*, shall expire on the date set below for hearing on a Motion for Preliminary Injunction, unless extended for good cause.

9. The matter of any bond shall be reserved until the hearing on a Motion for Preliminary Injunction.

10. The Court acknowledges Defendant U.S. Bank's current schedule and request for a hearing on December 12, 2017. However, due to the Court's current trial schedule, **Judge Martinez will hold a hearing on Plaintiff's Motion for Preliminary**

TRO AND ORDER TO SHOW CAUSE - 4

**Injunction, on Thursday, December 7, 2017, at 2:00 p.m.**, at which time Defendants will be asked to Show Cause why a preliminary injunction should not issue.

11. Any supplemental written response from Defendants <u>will be due no later than Tuesday, December 5, 2017 at 5:00 p.m., and any Reply by Plaintiff will be due no later than Wednesday, December 6, 2017, at 12:00 p.m.</u>  In addition, due to the short time period provided to the parties to respond, the Court will consider additional evidence presented by the parties during the hearing on December 7th.

12. Plaintiff is responsible for serving a copy of this Order on all Defendants no later than **two business days after the date of this Order**.

DATED this 28th day of November, 2017.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Court for
RICARDO S. MARTINEZ,
CHIEF UNITED STATES DISTRICT JUDGE

TRO AND ORDER TO SHOW CAUSE - 5