UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUFG UNION BANK, N.A., a national association,<br><br>Plaintiff,<br><br>v.<br><br>AARON TYLER, an individual, *et al..*,<br><br>Defendants. | Case No. C17-1766RSM<br><br>ORDER DENYING PRELIMINARY INJUNCTION |

THIS MATTER came before the Court on Plaintiff's Motion for Preliminary Injunction. Dkt. #5. On November 28, 2017, this Court entered a Temporary Restraining Order against Defendants. Dkt. #12. Plaintiff had alleged that a group of its former employees resigned *en masse* after planning for several months to take trade secrets, documents and confidential information that they are now utilizing to take business and unfairly compete with it. Dkt. #5. Based on the record before it at that time, the Court found that Plaintiff had sufficiently demonstrated that it was entitled to a TRO. Dkt. #12. The Court then scheduled a hearing on Plaintiffs' Motion for Preliminary Injunction, on Thursday, December 7, 2017, at which time Defendants were asked to Show Cause why a preliminary injunction should not issue. *Id.* The Court heard oral arguments from the parties on December 7th, and allowed the submission of additional documentary evidence for the Court's consideration. The Court considered those exhibits that were presented during the hearing, as well as those exhibits and briefing submitted between the time the Court issued the TRO and heard oral argument. Dkts. #18-29, 34-48 and 51-

ORDER - 1

54. The Court then informed the parties that the Motion for Preliminary Injunction would be DENIED. Dkt. #55. This written Order memorializes the oral ruling.

The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

*Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The speculative risk of a possible injury is not enough; the threatened harm must be imminent. *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ. Proc. 65(b)(1)(A).

Based on the current record, the Court cannot make a determination at this time that Plaintiff has demonstrated a likelihood of success on the merits. Plaintiff has no evidence that Defendants have secured any business that would have otherwise gone to Union Bank since the date they left Plaintiff's employment. Further, Defendants have submitted evidence that they are not actively soliciting any of Plaintiff's customers that were in the pipeline at the time they left Plaintiff's employment. *See* Dkts. #18-29 and 51-54. Neither party has submitted sufficient evidence demonstrating that confidential documents or trade secrets were or were not removed from Union Bank when Defendants left Plaintiff's employment. Given the state of the evidence,

ORDER - 2

the Court cannot conclude at this stage of the proceedings that Plaintiff is likely to succeed on the merits of any of its claims.

More importantly, Plaintiff fails to demonstrate irreparable harm. Indeed, Plaintiff fails to address irreparable harm at all in its written briefing. *See* Dkt. #35. When asked during oral argument why monetary damages were not sufficient in this case, Plaintiff did not substantively respond. Instead, Plaintiff pointed to a single exhibit, Exhibit 4 of Plaintiff's exhibits submitted during oral argument, which contained an email from Bianca Mack dated July 17, 2017. Plaintiff did not explain how this exhibit demonstrated irreparable harm. Accordingly, the Court agrees with Defendants that Plaintiff's alleged damages on each one of its claims consist of lost customers, lost sales, and lost employees, which losses can be calculated in terms of monetary damages. *See* Dkt. #18 at 28. Where damages are readily calculable, a party cannot show irreparable harm and injunctive relief is not appropriate. *Goldie's* Bookstore*, Inc. v. Superior Court of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984).

For these reasons, the Court finds that Plaintiff has failed to demonstrate that a preliminary injunction is warranted in this matter. Accordingly, Plaintiff's Motion for Preliminary Injunction (Dkt. #5) is DENIED.

DATED this 11 day of December, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 3